# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CALVIN SMALLS,

        Petitioner,               Case Number: 2:10-CV-10684

v.                                  HON. ARTHUR J. TARNOW

BARRY DAVIS,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY

Calvin Smalls, a prisoner in the custody of the Michigan Department of Corrections, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for second-degree murder and possession of a firearm during the commission of a felony. Respondent has filed a Motion to Dismiss on the ground that the petition was not timely filed. The Court finds that the petition was not timely filed and the petitioner is not entitled to equitable tolling. Therefore, the petition will be dismissed.

**I.**

Petitioner pleaded guilty in Genesee County Circuit Court to second-degree murder and felony firearm. On June 2, 1999, he was sentenced to 25 to 50 years' imprisonment for the murder conviction and 2 years' imprisonment for the felony-firearm conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, arguing that the trial court abused its discretion and violated the principle of proportionality in sentencing him to 25 to 50 years' imprisonment and that the trial court improperly relied on his

reserved demeanor in sentencing him. The Michigan Court of Appeals denied leave to appeal. *People v. Smalls*, No. 227175 (Mich. Ct. App. June 30, 2000). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The court denied leave to appeal. *People v. Smalls*, 463 Mich. 962 (Mich. Jan. 30, 2001).

On April 19, 2007, Petitioner filed a motion for relief from judgment in the trial court, arguing that certain offense variables were incorrectly scored and that trial and appellate counsel were ineffective. The trial Court denied the motion. *People v. Smalls*, No. 99-3678-FC (Genesee County Cir. Ct. May 9, 2007). Petitioner filed applications for leave to appeal the trial court's decision in the Michigan Court of Appeals and, after leave to appeal was denied by the court of appeals, in the Michigan Supreme Court, which also denied leave to appeal. *People v. Smalls*, No. 283803 (Mich. Ct. App. Feb. 24, 2009); *People v. Smalls*, 483 Mich. 893 (Mich. Feb. 24, 2009).

Petitioner filed the pending petition on February 3, 2010, raising the following claims: (i) ineffective assistance of trial and appellate counsel; (ii) involuntary plea; (iii) actual innocence; and (iv) sentence based on inaccurate information.

## II.

Respondent argues that the petition should be dismissed because it was not timely filed. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during

2

which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on January 30, 2001. Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on April 30, 2001, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on May 1, 2001. The limitations period continued to run, uninterrupted, until it expired one year later, on May 1, 2002. Petitioner's motion for relief from judgment, filed on April 19, 2007, did not serve to toll the limitations period because it was filed almost five years after the period expired, nor did it restart the limitations period because an application for state collateral review serves only to pause the running of the limitations period, not to reset it. *Vroman,* 346 F.3d at 602.

In the petition, Petitioner argues that he is factually innocent. "[E]quitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate."

*Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). To qualify for equitable tolling, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The petitioner must present "new evidence of innocence," and not merely "new evidence" of a constitutional violation. *Id.* at 316. In this case, Petitioner presents no new evidence of innocence. Therefore, equitable tolling is not warranted.

Petitioner argues that, rather than dismiss his petition as untimely, the Court should transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) provides that, before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has not filed a previous habeas petition challenging the conviction challenged in the pending petition. Instead, he argues that this petition is successive to his motion for relief from judgment filed in the trial court. The requirement that successive petitions be transferred to the Court of Appeals applies to petitions that are successive to a previously filed habeas petition, not a motion for collateral review in state court. Therefore, the petition will not be transferred to the Court of Appeals.

## III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

4

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition was not timely filed. Therefore, the Court denies a certificate of appealability.

**IV.**

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244 (d)(1)(A). Accordingly, **IT IS ORDERED** that Respondent's Motion to Dismiss [dkt. #6] is **GRANTED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: October 12, 2010

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 12, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary