**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CALVIN SMALLS,

                  Petitioner,                      Case Number: 2:10-CV-10684

v.                                          HONORABLE ARTHUR J. TARNOW

BARRY DAVIS,

                  Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

Petitioner Calvin Smalls, a state prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. On Respondent's motion, the Court dismissed the petition because it was not filed within the one-year statute of limitations. Now before the Court is Petitioner's Motion to Alter or Amend Judgment.

The challenged conviction became final on April 30, 2001. The limitations period commenced the following day, May 1, 2001, and continued to run until it expired one year later. Petitioner filed a motion for relief from judgment in the trial court. But, that motion was not filed until April 19, 2007, almost five years after the limitations period already expired. Accordingly, it did not serve to toll the limitations period and, this Court held, the petition was untimely. The Court also held that Petitioner did not assert any circumstances warranting equitable tolling of the limitations period.

Plaintiff now asks the Court to alter or amend its judgment, pursuant to Federal Rule of Civil Procedure 59(e). Motions to alter or amend judgments, filed pursuant to Fed. R. Civ. P.

59(e), are "entrusted to the court's sound discretion." *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (*citing Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Industries, Inc. v . Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (*citing Keweenaw Bay*, 940 F. Supp. at 1141). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Id.*, (quoting *Keweenaw Bay*, 904 F. Supp. at 1141).

Petitioner argues that the Court should alter or amend the judgment to transfer his habeas petition as a successive petition under 28 U.S.C. § 2244(b). In his petition, Petitioner also argued for transfer of the petition as successive. The Court rejected that argument because Petitioner had not previously filed a habeas corpus petition. None of the arguments set forth by Petitioner in support of his motion satisfy the standards under which Rule 59(e) motions may be granted. Petitioner does not argue that an intervening change in the law requires that the Court amend its judgment, nor does he establish that the Court committed a clear error of law which must be remedied. Petitioner's arguments also do not satisfy the only remaining prong under which Rule 59(e) relief may be granted, that evidence which was previously unavailable

2

suddenly has become available.  Thus, Petitioner has failed to show entitlement to relief under Rule 59(e).

      Accordingly, **IT IS ORDERED** that Petitioner's Motion to Alter or Amend the Judgment [dkt. #11] is **DENIED**.


                           S/Arthur J. Tarnow_____
                           Arthur J. Tarnow
                           Senior United States District Judge

Dated: June 30, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 30, 2011, by electronic and/or ordinary mail.

                           S/Catherine A. Pickles_____
                           Judicial Secretary